JOHN L. BURRIS, Esq., SBN 69888
BEN NISENBAUM, Esq., SBN 222173
JAMES A. COOK, ESQ., SBN 300212
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Center
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200 Facsimile: (510) 839-3882
James.cook@johnburrislaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREANNA COOKE, individually and as Co-Successor-in-Interest for Decedent JAMES COOKE; SAYEE MCCARTHY, individually and as Co-Successor-in-Interest for Decedent JAMES COOKE; LANDIS COOKE, individually and as Co-Successor-in-Interest for Decedent JAMES COOKE; and AALIYAH COOKE, individually and as Co-Successor-in-Interest for Decedent JAMES COOKE.<br><br>Plaintiffs,<br>v.<br><br>JEREMY EDENS, in his individual and official capacity as Police Officer for the City of Stockton; KEVIN HESS, in his individual and official capacity as Police Officer for the City of Stockton; GABRIEL GUERRERO, in his individual and official capacity as Police Officer for the City of Stockton; JAMES MANOR, in his individual and official capacity as Police Officer for the City of Stockton; IRSHAD MOHAMMED, in his individual and official capacity as Police Officer for the City of Stockton; ERIKA GONZALEZ, in her individual and official | Case No.: 2:14-cv-00908-KJM-KJN<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES<br>(42 U.S.C. § 1983)<br><br>JURY TRIAL DEMANDED |

1

capacity as Police Officer for the City of Stockton; SGT. DUANE CANTWELL, in his individual and official capacity as Police Officer for the City of Stockton; PAUL DONA, in his individual and official capacity as Police Officer for the City of Stockton; E. WEBB (Badge #2204), in his individual and official capacity as Police Officer for the City of Stockton;  and  DOES 1-50, inclusive,

　　　　　　　　Defendants.

## INTRODUCTION

1. These claims arise out of the wrongful death and personal injury claims of Decedent JAMES COOKE.  Defendant City of Stockton Police Officers unlawfully struck Mr. Cooke in the head with a baton numerous times while arresting him for a misdemeanor charge.  After viciously beating Mr. Cooke with their batons, Defendant City of Stockton Police Officers placed him in a 'safe wrap' device and put him in the back seat of a patrol car.  Mr. Cooke died from asphyxiation after being beaten, 'safe wrapped' and neglected by Defendant City of Stockton Police Officers.

## JURISDICTION

2. This action arises under Title 42 of the United States Code, Section 1983.  Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court.  The unlawful acts and practices alleged herein occurred in the City of Stockton, County of San Joaquin, California, which is within this judicial district.

# PARTIES

3. Plaintiff BREANNA COOKE, at all times herein mentioned, is a competent adult and United States Citizen, and she is the surviving biological daughter of Decedent JAMES COOKE. She brings this action on her own behalf and as successor-in-interest to her father, Decedent JAMES COOKE.

4. Plaintiff SAYEE MCCARTHY is now and at all times mentioned herein, a competent adult and United States Citizen. Plaintiff is the surviving biological daughter of decedent, JAMES COOKE. She brings this action on her own behalf and as successor-in-interest to her father JAMES COOKE.

5. Plaintiff, AALIYAH COOKE is now and at all times mentioned herein, a competent adult and United States Citizen. Plaintiff is the surviving biological daughter and successor-in-interest of decedent JAMES COOKE.

6. Defendant City of Stockton Police Officer JEREMY EDENS (hereinafter "EDENS") is at all times mentioned herein, a natural person and is being sued in his individual and official capacity as Police Officer for the City of Stockton.

7. Defendant City of Stockton Police Officer KEVIN HESS (hereinafter "HESS") is at all times mentioned herein, a natural person and is being sued in his individual and official capacity as Police Officer for the City of Stockton.

8. Defendant City of Stockton Police Officer GABRIEL GUERRERO (hereinafter "GUERRERO") is at all times mentioned herein, a natural person and is being sued in his individual and official capacity as Police Officer for the

1   City of Stockton.

2   9.     Defendant City of Stockton Police Officer JAMES MANOR (hereinafter "MANOR") is at all times mentioned herein, a natural person and is being sued in his individual and official capacity as Police Officer for the City of Stockton.

10.    Defendant City of Stockton Police Officer IRSHAD MOHAMMED (hereinafter "MOHAMMED") is at all times mentioned herein, a natural person and is being sued in his individual capacity.

11.    Defendant City of Stockton Police Officer ERIKA GONZALEZ (hereinafter "GONZALEZ") is at all times mentioned herein, a natural person and is being sued in her individual capacity.

12.    Defendant City of Stockton Police Sergeant DUANE CANTWELL (hereinafter "CANTWELL") is at all times mentioned herein, a natural person and is being sued in his individual capacity.

13.    Defendant City of Stockton Police Officer PAUL DONA (hereinafter "DONA") is at all times mentioned herein, a natural person and is being sued in his individual capacity.

14.    Defendant City of Stockton Police Officer E. WEBB (hereinafter "WEB") is at all times mentioned herein, a natural person and is being sued in his individual capacity.

15.    Plaintiffs are ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names.  Plaintiffs will amend this complaint to

4

allege their true names and capacities when ascertained. Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their intentional conduct, negligence, breach of duty, negligent supervision, management, or control, violation of public policy, false arrests, and/or unlawful use of force. Each DOE defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask leave to amend this complaint subject to further discovery.

16. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment.

17. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

18. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

### FACTS

19. On April 12, 2012, at approximately 1:48 a.m., 57-year old Decedent James Cooke was driving near the intersection of West Lane and Bianchi Road, in Stockton California.

5

20. Defendant City of Stockton Police Officers stopped Decedent James Cooke's car for a traffic violation. Mr. Cooke got out of his car and ran from the officers, because he suspected that there was a warrant for his arrest.

21. The officers caught up with Mr. Cooke and began hitting him in the head with their batons. The Officers viciously hit Mr. Cooke several times with the baton. Plaintiffs are informed and believe that City of Stockton Police Department policy prohibits striking people in the head with batons.

22. One of the Officers handcuffed Mr. Cooke and put him in a "safe wrap" device. After placing Mr. Cooke in a "safe wrap," the Officers put him facedown in the back of a patrol car.

23. Instead of summoning emergency medical care to treat his head injury, the officers drove the fully immobilized man to San Joaquin County General Hospital, without stopping to check his medical condition. Mr. Cooke was unconscious and possible deceased by the time he arrived at the hospital. Emergency personnel were unable to revive Mr. Cooke. Mr. Cooke was pronounced dead shortly after arriving at the hospital.

24. Mr. Cooke died of asphyxiation due to City of Stockton Police Officers' excessive use of force and subsequent failure to provide life-saving medical attention. It was later reported that the involved Defendant City of Stockton Police Officers were Jeremy Edens, Kevin Hess, Gabriel Guerrero, James Manor, Irshad Mohammed, Erika Gonzalez, Paul Dona, Duane Cantwell, and E. Webb.

25. Plaintiffs are informed and believe and thereon allege that CITY OF STOCKTON and DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline defendants: CITY OF STOCKTON

Police Officers: EDENS, HESS, GUERRERO, MANOR, MOHAMMED, GONZALEZ, DONA, CANTWELL, WEB, and DOES 1-25 inclusive, for their respective misconduct and involvement in the incident described herein. Their failure to discipline defendants: CITY OF STOCKTON Police Officers EDENS, HESS, GUERRERO, MANOR, MOHAMMED, GONZALEZ, DONA, CANTWELL, WEB, and DOES 1-25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference the making of improper detentions and arrests, the use of racial profiling, the use of excessive and/or deadly force and the fabrication of official reports to cover up defendants' STOCKTON Police Officers EDENS, HESS, GUERRERO, MANOR, MOHAMMED and DOES 1-25's inclusive, misconduct.

26.     Plaintiffs are informed and believe and thereon allege that members of the STOCKTON Police Department, including, but not limited to, defendants, STOCKTON Police Officers EDENS, HESS, GUERRERO, MANOR, MOHAMMED, GONZALEZ, DONA, CANTWELL, WEB, and/or DOES 1-25 and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of using excessive, arbitrary and/or unreasonable force against individuals, including, but not limited to decedent, JAMES COOKE.

27.     Plaintiffs' are further informed, believe and therein allege that as a matter of official policy -- rooted in an entrenched posture of deliberate indifference to the constitutional rights of primarily the minority citizens who

7

live in the City of STOCKTON-- defendant CITY OF STOCKTON has long allowed its citizens, such as the decedent JAMES COOKE to be abused by its police officers, including by and STOCKTON Police Officers EDENS, HESS, GUERRERO, MANOR, MOHAMMED, GONZALEZ, DONA, CANTWELL, WEB, and /or DOES 1-25 and/or each of them, individually and/or while acting in concert with one another.

28. Plaintiffs are informed, believe, and therein allege that CITY OF STOCKTON Police Officers shot and three men during a four-week period from March 22-April 22, 2012 and further that the CITY OF STOCKTON has failed to discipline, or retrain any of the officers who used deadly force during the aforementioned incidents. The CITY OF STOCKTON'S failure to discipline or retrain any of the involved Officers is evidence of an official policy, entrenched culture and posture of deliberate indifference toward protecting citizen's rights and the resulting deaths, false arrests and injuries is a proximate result of the CITY OF STOCKTON's failure to properly supervise its Police Officers.

29. Plaintiffs are informed, believe and therein allege that CITY OF STOCKTON knew, had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

**DAMAGES**

30. As a consequence of Defendants' violation of Plaintiffs' federal civil rights under 42 U.S.C. §1983 and the Fourteenth Amendment, Plaintiffs were physically, emotionally and financially injured and damaged as a proximate result of Decedent

8

JAMES COOKE's wrongful death, including but not limited to: Plaintiffs' loss of familial relations, decedent's society, comfort, protection, companionship, love, affection, solace, and moral support.

31. Plaintiffs are entitled to recover wrongful death damages pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b). Additionally, Plaintiffs are entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61.

32. Pursuant to C.C.P. Sections 377.30, 377.32, and 377.34, Plaintiffs are further entitled to recover for damages incurred by decedent before he died as the result of being assaulted and battered and for being denied immediate medical attention, for deprivation without due process of decedent's right to life, and to any penalties or punitive damages to which decedent would have been entitled to recover, had he lived.

33. As a further direct and proximate result of defendants' intentional and/or negligent conduct, plaintiffs have been deprived of decedent's financial support.

34. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights and the rights of decedent under the law. Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. §§ 1983, 1985-86 and 1988.

## FIRST CAUSE OF ACTION

**(Survival Action: Fourth Amendment/Excessive Force 42 U.S.C. § 1983)**

(Plaintiffs Against Defendants EDENS, HESS, GUERRERO, MANOR, MOHAMMED, GONZALEZ, DONA, CANTWELL, WEB, and DOES 1 - 25)

35. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 35 of

9

this complaint.

36. The Decedent was forced to endure a great amount of conscious pain and suffering as a result of being struck in the head by one or more of the Defendants, and Decedent would have been the Plaintiff with respect to this claim if he had lived.

37. Defendants acted under color of law by unreasonably subjecting Decedent to excessive force, and by neglecting him after making him completely immobile, thereby depriving Decedent of certain constitutionally protected rights as are substantively guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

**(Survival Action: Fourth Amendment/Denial of Medical Care 42 U.S.C. § 1983)**

(Plaintiffs Against Defendants EDENS, HESS, GUERRERO, MANOR, MOHAMMED, GONZALEZ, DONA, CANTWELL, WEB, and DOES 1 - 25)

38. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 38 of this complaint.

39. One or more of the Defendants struck Decedent in the head with a baton. The Defendants failed to summon emergency medical care to evaluate and treat Decedent's head injury. Instead of summoning persons qualified to provide emergency medical care, Defendants immobilized Decedent and transported him to the hospital face down in the back of a patrol car.

40. The denial of immediate life-saving medical care for Decedent by the Defendant deprived Decedent of his right to be secure in his person against unreasonable

searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

41. As a result, Decedent suffered extreme pain and suffering and eventually suffered a loss of life and earning capacity.

42. The Defendants knew that failure to provide timely medical treatment to Decedent could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Decedent great bodily harm, pain, suffering, and death.

43. The conduct of the Defendants was willful, wanton and malicious, and done with reckless disregard for the rights and safety of Decedent and therefore warrants the imposition of exemplary and punitive damages to each of them.

### THIRD CAUSE OF ACTION

**(Wrongful Death -Negligence-- 42 U.S.C. § 1983)**

(Plaintiffs Against Defendants EDENS, HESS, GUERRERO, MANOR, MOHAMMED, GONZALEZ, DONA, CANTWELL, WEB, and DOES 1 - 25)

42. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 41 of this Complaint.

43. Defendants DOES 1-50 acted under color of law by unlawfully and unreasonably incapacitating Decedent by hitting him in the head with a baton and placing him in a 'safe wrap' until he was completely incapacitated and unable to assist himself. The Defendants subsequently placed Decedent face down in a patrol car and failed to summon medical attention. The Defendants actions and subsequent negligence resulted in

Decedent's untimely death. The actions and inaction of Defendants DOES 1-50 caused Decedent to asphyxiate until his death, without lawful justification, thereby depriving Plaintiffs and the decedent of certain constitutionally protected rights, including, but not limited to:

    a. The right to be free from unreasonable searches and seizures and the right to be free from excessive force and unlawful detention, as guaranteed by the Fourth Amendment to the United States Constitution;

    b. The right to medical care necessitated by Defendants' unlawful beating of Decedent, in violation of substantive Due Process guarantees of the Fourteenth Amendment to the United States Constitution;

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

**(Violations of Plaintiffs' Rights to Familial Relationship - 42 U.S.C. § 1983)**

(Plaintiffs Against Defendants EDENS, HESS, GUERRERO, MANOR, MOHAMMED, and DOES 1 - 25)

44. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 43 of this Complaint .

45. Defendants, acting under color of law, and without due process of law, deprived Plaintiffs of their right to a familial relationship with Decedent JAMES COOKE by unlawfully and unreasonably battering, incapacitating, and neglecting Decedent JAMES COOKE until he asphyxiated, in violation of rights, privileges, and immunities secured by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

46. Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum to be determined according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For funeral and burial expenses according to proof;

4. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendant DOES 1 through 50 and/or each of them;

5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6. For cost of suit herein incurred

Dated: December 16, 2015

**LAW OFFICES OF JOHN L. BURRIS**
/s/ *James Cook*
James Cook, Esq.
Benjamin Nisenbaum, Esq.
Attorneys for Plaintiffs

13